# HARRY C. MEYER COMPANY vs. E. B. VASQUEZ, ET ALS.

## Syllabus.

Neither the owner nor the surety is bound under Act 134 of 1906 in the absence of the service of a sworn statement upon the owner as required by the statute.

Appeal from the Civil District Court, Parish of Orleans, Division "C," Hon. E. K. Skinner, Judge.

B. R. Forman, for plaintiff and appellee.

Nix & Tichnor, Rouse, Grant & Grant, L. R. Hoover, for defendants and appellants.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The plaintiff, a furnisher of material to the contractor, alleging that the owner had complied with Act No. 134 of 1906, by securing a bond in accordance with its provisions, sought and recovered below, a judgment in solido against the contractor, the owner and the surety; and the three latter have filed separate appeals which were heard and submitted together in this Court.

On the argument no ground for disturbing the judgment in so far as it condemns the contractor was suggested, and our examination of the record discloses that the judgment in this respect is amply supported by the evidence. The judgment must consequently be affirmed as to the contractor on his appeal.

As to the owner and the surety, we are of the opinion that plaintiff should have been non-suited.

The petition contains no allegation and the record is without proof of the essential fact that a sworn statement of plaintiff's claim was served upon the owner as

required by the statute. We have repeatedly held that in the absence of such service neither the owner nor the surety can be held.

> Edward's Lumber Company vs. Henry Mason, et al., No. 5523 of our docket, not yet reported. Writ refused by the Supreme Court, June 4th, 1912.

That case as well as the authorities therein cited are to the effect that neither the owner nor the surety could be held liable under the statute for the claim of a furnisher of material who had failed to serve a sworn statement upon the owner. The application of this principal is therefore fatal to plaintiff's claim both as against the surety and as against the owner.

Moreover, the judgment against the owner cannot be upheld under the general provisions of the Code (R. C. C., 2772, et seq.), for there is no allegation or proof that plaintiff arrested funds in the owner's hands by service of an attested account upon him; nor any evidence to support the allegation that the owner had remaining in his hands a balance due the contractor sufficient in amount and available to satisfy plaintiff's claim.

The judgment must therefore be affirmed as to the contractor and reversed as to the owner and surety.

It is accordingly ordered, adjudged and decreed, that the judgment appealed from, in so far as it condemns the defendant, Emanuel B. Vasquez, be affirmed, the latter to pay the costs of his appeal.

It is further ordered, adjudged and decreed, that the judgment in so far as it condemns the National Surety Company and Ella S. Huber, wife of M. C. Staples, be avoided and reversed, and plaintiff's suit as to them be dismissed as in case of non-suit at plaintiff's costs in both Courts.

— 32 —

Reversed in part and affirmed in part.

Opinion and decree, June 10th, 1912.

Rehearing granted, June 27th, 1912.

Note by reporter:—(The original of the foregoing opinion is not in the Clerk's office. The above opinion is a verbatim copy of the opinion which the Clerk of Court sent to the lower Court, as a true copy of the original opinion.)

————o————